NO. 07-08-0093-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 21, 2008

_____

ANDY DEWAYNE POSEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,792-E; HON. ABE LOPEZ, PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Andy DeWayne Posey, filed a notice of appeal from a conviction for possession of a controlled substance in a drug-free zone and sentence of 40 years incarceration in the Institutional Division of the Texas Department of Criminal Justice in Cause No. 53,792-E in the 108th District Court of Potter County, Texas (the trial court).

The appellate court clerk received and filed the trial court clerk's record on April 11, 2008, and received and filed the trial court reporter's record on July 29, 2008.

This court has granted two prior extensions of the time for filing appellant's brief. On October 8, 2008, in granting the second motion, the appellate clerk notified appellant that the failure to comply with the October 23, 2008 deadline to file the brief may result in the appeal being abated and the cause being remanded to the trial court for further proceedings. See TEX. R. APP. P. 38.8(b).

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and, if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and  (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the clerk of this court not later than December 22, 2008.


Per Curiam


Do not publish.

3